**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., DOE 4, by DOE 4's next friend and parent, DOE 5, who also sues on DOE 5's own behalf,<br><br>              Plaintiffs,<br><br>   vs.<br><br>CONNELLSVILLE AREA SCHOOL DISTRICT,<br><br>           Defendant. | : : : : : : : : : : : : : : : : : | Case 2:12-cv-01406 |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

1.      **Identification of counsel and unrepresented parties.**  Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

**Plaintiffs:**

Freedom From Religion Foundation
PO Box 750
Madison, WI 53701

Doe 4

Doe 5

**Counsel for Plaintiff:**

Steele Schneider
Marcus B. Schneider, Esquire
428 Forbes Avenue, Suite 900
Pittsburgh, PA 15219
(412) 235-7682
(412) 235-7693 facsimile
mschneider@steeleschneider.com

**Defendants:**

> Connellsville Area School District
> 732 Rockridge Road
> Connellsville, PA 15425

**Counsel for Defendants:**

> Andrews and Price
> John Smart Esquire
> 1500 Ardmore Blvd., Suite 506
> Pittsburgh, PA 15221
> (412) 243-9700
> (412) 243-9660
> jsmart@andrewsandprice.com

> Amie Thompson, Esquire
> 1500 Ardmore Blvd., Suite 506
> Pittsburgh, PA 15221
> (412) 243-9700
> (412) 243-9660
> athompson@andrewsandprice.com

2.   **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

In their Complaint, Plaintiffs allege that the placement of a monument depicting the "Ten Commandments" on Defendant's property violates their rights under the Establishment Clause of the First Amendment, bringing claims under  § 1983. Defendant has filed its Answer denying all claims against it and setting forth affirmative defenses.

3.   **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

Counsel for the parties conferred regarding the matters contained in this Report on April 3, 2013 and April 8, 2013.

4.   **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

April 11, 2013 at 10:30 a.m.

5.    **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

The parties to do not anticipate the filing of any additional Rule 12 motions.

6.    **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties request that they be relieved of their obligation to attend mandatory ADR given the nature of the case and the likely difficulty in reaching any amicable resolution at this stage of the proceedings.

7.    **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

The parties agree to comply with the standard requirements of Rule 26(a), provided that the parties will not make any disclosures until the Court has granted a joint protective order relating to the production of identifying information of the Plaintiffs.

8.    **Subjects on which fact discovery may be needed.**  (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

The parties will undertake fact discovery on the merits of Plaintiffs' material allegations and Defendant's defenses thereto.

9.    **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery.  In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below.  The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

**a.   Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

April 25, 2013

**b.   Date by which any additional parties shall be joined:**

April 25, 2013

**c.   Date by which the pleadings shall be amended:**

April 25, 2013

**d.   Date by which fact discovery should be completed:**

August 25, 2013

e.   **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

Not applicable.

**f.   Date by which plaintiff's expert reports should be filed:**

September 25, 2013

**g.   Date by which depositions of plaintiff's expert(s) should be completed:**

The parties do not anticipate retaining any experts at this time.

**h.   Date by which defendant's expert reports should be filed:**

The parties do not anticipate retaining any experts at this time.

**i.   Date by which depositions of defendant's expert(s) should be completed:**

October 25, 2013

**j.   Date by which third party expert's reports should be filed:**

The parties do not anticipate retaining any experts at this time.

**k.   Date by which depositions of third party's expert(s) should be completed:**

The parties do not anticipate retaining any experts at this time.

10.  **If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties anticipate filing a Joint Motion for Protective Order in conjunction with Plaintiffs' filing of a Motion for Leave to Proceed Pseudonymously. The parties anticipate that the Joint Proposed Protective Order will be identical in all substantive respects with the Protective Order entered by this Court in *Freedom From Religion Foundation, et al. v. New Kensington-Arnold School District* (2:12-cv-01319), Document No. 22.

11.  **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration.  In particular, answer the following questions:**

a.  **ESI.  Is either party seeking the discovery of ESI in this case?**

Plaintiff anticipates the possibility of requesting non-privileged ESI comprised of electronic communications among and between individual (or less than a majority of) School Board Directors on the issues germane to this case.  Defendant anticipates the possibility of requesting non-privileged ESI comprised of electronic communications of Plaintiffs with respect to the matters alleged in their Complaint.

b.  **Metadata:  Will any metadata be relevant in this case?**

Without waiving the right to request metadata at a later point in time, at this time, neither party anticipates that metadata will be relevant in this case.

c.  **Format.  Have the parties agreed on the format(s) for production of ESI?**

ESI will be produced in paper, CD-ROM/DVD, or other mutually agreed upon format.

d.  **Clawback Agreement.  Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D?**

Yes.

d.  **Search terms.  Have the parties agreed on any protocol for review of electronic data?**

5

The protocol for the review of ESI will be an ongoing process between the parties based upon the nature of the material sought in discovery and the manner in which the discovery request is phrased.

   e.   **Accessibility.  Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)?**

The parties do not anticipate any issues in this area. To the extent that any issues arise during discovery, the parties will make a good faith effort to resolve these issues amicably.

   f.   **Preservation.  Are there any unresolved issues pertaining to the preservation of ESI?  If so, please describe.**

There are no unresolved issues known to the parties at this time pertaining to the preservation of ESI.

   h.   **Other.  Identify all outstanding issues or disputes concerning ESI.**

There are no outstanding issues or disputes concerning ESI at this time. The parties reserve the right to address these issues in discovery as the need may arise.

12.   **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:  (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling.  In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):**

The parties propose that the Court schedule the Post-Discovery Status Conference following the close of fact discovery.

13.   **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

The parties anticipate filing a Joint Motion for Protective Order in conjunction with Plaintiffs' filing of a Motion for Leave to Proceed Pseudonymously. The parties anticipate that the Joint Proposed Protective Order will be identical in all substantive respects with the Protective Order entered by this Court in *Freedom From Religion*

6

*Foundation, et al. v. New Kensington-Arnold School District* (2:12-cv-01319), Document No. 22.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

No.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

None.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

Given the nature of the case and the requested relief, the parties do not believe that settlement is likely at this stage of the case.

Respectfully submitted,

*/s/ Marcus B. Schneider, Esquire*
Marcus B. Schneider, Esquire
PA I.D. No.208421
STEELE SCHNEIDER
428 Forbes Avenue, Suite 900
Pittsburgh, PA 15219
(412) 235-7682
(412) 235-7693/facsimile
mschneider@steeleschneider.com

*/s/ John W. Smart, Esquire*
John W. Smart, Esquire
PA I.D. No. 43592
ANDREWS AND PRICE
1500 Ardmore Blvd., Suite 506
Pittsburgh, PA 15221
(412) 243-9700
(412) 243-9660/facsimile
jsmart@andrewsandprice.com

7