IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC., DOE 4** *by Doe 4's next friend and parent Doe 5* **and DOE 5**,<br>      **Plaintiffs,**<br><br>v<br><br>**CONNELLSVILLE AREA SCHOOL DISTRICT**,<br>      **Defendant.** | )<br>)<br>)<br>)  2:12-cv-1406<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### CASE MANAGEMENT/SCHEDULING ORDER

AND NOW, this 11th day of April, 2013, **IT IS ORDERED** that this action is subject to Local Rule 16.1 of this Court for pretrial proceedings and all provisions of the Rule will be strictly enforced.

**IT IS ALSO ORDERED** that counsel shall confer with their clients prior to all case management/scheduling, status, or pretrial conferences to obtain authority to participate in settlement negotiations which may be conducted or ordered by the Court.

**IT IS FURTHER ORDERED** that compliance with provisions of Rule 16.1 shall be completed as follows:

(1) Responses to any non-dispositive motion are due within seven (7) calendar days of the filing of said motion with the Clerk of Court.

(2) The Alternative Dispute Resolution program is hereby stayed.

(3) The Rule 26(a)(1) disclosure statements of the parties are to be exchanged among counsel by **April 25, 2013.**

(4) The parties shall move to add new parties on or before **April 25, 2013.**

(5) The parties shall move to amend the pleadings on or before **April 25, 2013.**

(6) All parties shall file a stipulation as to whether they are willing or not to proceed to trial with a jury before a Magistrate Judge on or before **April 25, 2013.**

(7) The parties shall complete all discovery on or before **August 23, 2013.** All interrogatories, depositions, requests for admissions, and requests for production shall be served within sufficient time to allow responses to be completed and depositions taken prior to the close of discovery.

(8) The Court shall conduct a post-discovery status conference on **August 23, 2013 at 1:00 p.m.** Counsel shall instruct their clients or principals to attend or be available by telephone to facilitate the amicable resolution of the litigation.  **Trial counsel must attend.**

(9) Procedures Following Inadvertent Disclosure ("Clawback"): Pursuant to Local Rule LCvR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

 a) The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

 b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by agreement of the parties or by the Court.

 c) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the court for a resolution, but such motion must be made within the 30-day period.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Marcus B. Schneider, Esquire**
Email: mschneider@steeleschneider.com

**Amie A. Thompson, Esquire**
Email: AThompson@andrewsandprice.com
**John W. Smart, Esquire**
Email: jsmart@andrewsandprice.com