IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC., DOE 4,** *by Doe 4's next friend and parent,* **DOE 5,** *who also sues on Doe 5's own behalf,* | )<br>)<br>)<br>)<br>) 2:12-cv-1406 |
| Plaintiffs, | ) |
| vs. | ) |
| **CONNELLSVILLE AREA SCHOOL DISTRICT,** | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the PLAINTIFF'S MOTION FOR LEAVE TO PROCEED USING PSEUDONYMS (ECF No. 18) with brief in support (ECF No. 19) and numerous exhibits attached thereto filed by Freedom From Religion Foundation, Doe 4, by Doe 4's next friend and parent, Doe 5, who also sues on Doe 5's own behalf.  By Text Order dated May 6, 2013, the Court directed Defendant Connellsville Area School District to respond to that filing on or before May 17, 2013.  Defendant has not filed anything of record as of this date. Accordingly, the matter is ripe for disposition.

### I.  Background

Generally speaking, the attached exhibits take three forms.  First, Plaintiffs submit sworn declarations in which the Doe Plaintiffs communicate their concerns should their identities become public.  Second, Plaintiffs appended screenshots of e-mails sent to their counsel of record in which members of the community state their views on the propriety of this lawsuit. The speech expressed therein, as the Court read the statements, are nothing other than unwarranted character attacks on that attorney and members of his firm.  Third, Plaintiff includes

numerous screenshots from Facebook pages, local news stories, and e-mail messages to Plaintiffs' counsel regarding a substantially similar lawsuit in which he is the attorney of record. Plaintiffs also include other information in their filing that demonstrates the hostile reaction by some members of the community to this litigation. To the Plaintiffs, that reaction evidences the need for protection. The Court now turns to that request.

## II. Standard of Review

While Federal Rule of Civil Procedure 10(a) requires that complaints "must name all the parties," courts have allowed a litigant to proceed anonymously in exceptional cases. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1543 (2012) (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008)). To make this showing, a plaintiff must demonstrate "'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). The fear that one may suffer embarrassment or economic harm will not suffice. *Id.*

Recently, the United States Court of Appeals for the Third Circuit addressed this issue directly when it endorsed the now-familiar balancing test from *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997), which set forth a list of factors that must be weighed when deciding a plaintiff's request to precede pseudonymously. *Id.* at 408-10; *see id.* at 410 ("As district courts have been able to apply the *Provident Life* test and it does not conflict with the tests that have been adopted by our sister circuits, we see no value in upsetting its application.") (citations omitted). Our court of appeals had never before provided explicit guidance on this issue. *Id.* at 409 ("Courts within our circuit have been balancing these competing interests for the last fifteen years without our guidance.") (citation omitted).

Nevertheless, the court of appeals did not modify *Provident Life* factors when it endorsed the balancing test. *Id.* at 410. Those factors in favor of anonymous litigation include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (citation and quotation marks omitted). Those factors weighing against anonymity in favor of the traditional rule of openness include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* at 409 (citation and quotation marks omitted). Neither list is exhaustive, and district courts "will always be required to consider those other factors which the facts of the particular case implicated." *Id.* (citation omitted).

Although not expressly addressed in *Megless*, the standards in other circuits illustrate that district courts have "an independent duty to determine whether 'exceptional circumstances' warrant a departure from the normal method of proceeding" in federal litigation. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (citation omitted). Where, as here, a litigant files an unopposed motion to proceed pseudonymously, that alone may not be sufficient justification to permit anonymous litigation, as the Court cannot weigh the factors by only looking to whether a defendant filed something of record.

### III. Discussion

After an independent consideration of these factors, the Court concludes that this particular case necessitates that the Plaintiffs presently designated as "Doe" may continue to proceed anonymously with the use of pseudonyms. Indeed, a number of those factors weigh in Plaintiffs' favor. First, the identity of the Doe litigants has been kept confidential throughout this entire process. Second, a number of the statements referenced in the filings of record extended beyond simple *ad hominem* rhetoric, although it certainly appears, to include threats of violence and ostracism. Third, there is no record evidence that the parties are seeking to sue pseudonymously for any other reason than stated or have any illegitimate ulterior motives been alleged or shown. Fourth, there is a substantial public interest in ensuring that litigants not face such retribution in their attempt to seek redress for what they view as a Constitutional violation.

The factors militating against the use of pseudonyms are relatively weak in comparison to the heavy weight of those supporting its use. On the other side of the scale, only one factor is against the use of anonymous litigation: the public's general interest in having access to the identity of litigants. However, the issue in this case does not turn on the identity of the Plaintiff, and the Court presently does not see how denying Plaintiffs' request will interfere with the public's right to follow the proceedings, which will be kept open to the public while maintaining the confidentiality of the Does' identities. The Doe Plaintiffs are not public figures and the District neither objects nor offers evidence that granting the request would in any way create some undue hardship. Therefore, the single interest disfavoring anonymity does not outweigh the strength of the many factors that support Plaintiffs' request.

## IV. Conclusion

For the reasons hereinabove stated, the Court will permit Plaintiffs to proceed in the instant case using the pseudonyms "Doe 4" and "Doe 5" as reflected in the Complaint and original caption of the action.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC., DOE 4,** *by Doe 4's next friend and parent,* **DOE 5,** *who also sues on Doe 5's own behalf,*<br><br>**Plaintiffs,**<br><br>vs.<br><br>**CONNELLSVILLE AREA SCHOOL DISTRICT,**<br><br>**Defendant.** | 2:12-cv-1406 |

## ORDER OF COURT

AND NOW, this 24th day of May 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the PLAINTIFF'S MOTION FOR LEAVE TO PROCEED USING PSEUDONYMS (ECF No. 18) is **GRANTED.**

                                        BY THE COURT:

                                        s/Terrence F. McVerry
                                        United States District Judge

cc: Counsel of Record