IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREEDOM FROM RELIGION FOUNDATION, INC., DOE 4,** *by Doe 4's next friend and parent,* **DOE 5,** *who also sues on Doe 5's own behalf,* <br><br> **Plaintiffs,** <br><br> vs. <br><br> **CONNELLSVILLE AREA SCHOOL DISTRICT,** <br><br> **Defendant.** | ) ) ) ) ) **2:12-cv-1406** ) ) ) ) ) ) ) ) ) ) |

## PROTECTIVE ORDER OF COURT

AND NOW, this 24th day of May, 2013, upon consideration of the Plaintiffs' and Defendant's JOINT MOTION FOR PROTECTIVE ORDER, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Plaintiffs' production of and Defendant's handling of any and all forms of "identifying information," as defined herein, shall proceed in accordance with the following Protective Order:

1. This Order governs the use of all produced identifying information that Plaintiffs may produce to Defendant in response to informal inquiry or formal discovery requests made by Defendant. This Order does not address what identifying information must be produced by Plaintiffs and deals only with the handling of any identifying information that is produced at any point by Plaintiffs.

2. For the purpose of this Order, "Identifying Information" shall refer to any information from which the identity of Plaintiffs Doe 4 and Doe 5 (the "moving Plaintiffs") may be determined and shall include but not be limited to current or prior names of the moving Plaintiffs or family members of the moving Plaintiffs, current or former addresses of the moving Plaintiffs

or family members of the moving Plaintiffs, current or former telephone number(s) of the moving Plaintiffs or family members of the moving Plaintiffs, current or former email addresses of the moving Plaintiffs or family members of the moving Plaintiffs, and social security numbers of the moving Plaintiffs or family members of the moving Plaintiffs.

    3. Any and all identifying information to be provided to Defendant by Plaintiffs shall be provided and protected as follows:

    a. Undersigned counsel for Plaintiffs ("Plaintiffs' Counsel") shall provide any identifying information directly to counsel of record for Defendant New Kensington-Arnold School District ("Defense Counsel").

    b. Plaintiffs' Counsel shall provide such identifying information via mail or email directed to Defense Counsel and such communication shall be clearly marked "CONFIDENTIAL -- ATTORNEY'S EYES ONLY."

    c. Upon receipt of any and all Identifying Information, Defense Counsel shall maintain the secrecy and confidentiality of such Identifying Information.

    d. Defense Counsel shall only disclose Identifying Information to the following individuals, under the following circumstances:

        i. To the extent necessary to allow counsel to fully and fairly represent Defendant, Defense Counsel may disclose Identifying Information to the Solicitor for the School District and/or other attorneys, paralegals, assistants, and other support staff persons who work with Defense Counsel;

        ii. To the extent necessary to allow counsel to fully and fairly represent Defendant, defense Counsel may disclose Identifying Information to the current School District Superintendent and School Board Members; and

    iii. To the extent necessary to allow counsel to fully and fairly represent Defendant, disclosure of any other Identifying Information to any other person or entity must be addressed and approved by this Court.

 e. Prior to providing any and all identifying information to any of the individuals identified in Paragraphs 3(d)(i) and 3(d)(ii) above, Defense Counsel shall provide any such individuals with a copy of this Protective Order and confirm that (1) the individual is aware of this Protective Order and (2) he or she is subject to the terms of the Protective Order, including the requirement that identifying information be kept strictly confidential.

 4. Defendant agrees that it shall not publicly file any pleadings or documents with this court that disclose any Identifying Information in Defendant's possession. In the event that Defendant deems it necessary to file any pleadings or documents with this Court which contain or may contain Identifying Information, Defendant agrees that it shall file such pleadings or documents as "UNDER SEAL PURSUANT TO ORDER OF COURT." Counsel must file such pleadings or documents in accordance with the amended "Electronic Case Filing Policies and Procedures" (effective March 1, 2013) for the United States District Court for the Western District of Pennsylvania, available at http://www.pawd.uscourts.gov/Documents/Forms/ECFPol&ProcAmendedMar2013Web.pdf (pp. 4-5), which requires the filing party to first electronically file a redacted public version of the document and then present the sealed version of the document to the clerk's office for filing.

 5. Defendant agrees that it shall not present any identifying information in open court. In the event that Defendant deems it necessary to present such Identifying Information to the Court, Defendant agrees that it shall file request that the Court review such information in camera.

6. This Protective Order shall remain in full force and effect for the duration of this matter, including any appeals.

7. All Court personnel (including court reporters and their staff or agents) who learn of any Identifying Information are hereby prohibited from taking any action that discloses to any person such Identifying Information.

8. Upon the final conclusion of this action, Defense Counsel and any recipient of any Identifying Information shall provide Plaintiffs' Counsel with an affidavit stating that Defense Counsel or any recipient of Identifying Information has destroyed all copies (paper or electronic) of the communications (documents or emails) containing Identifying Information in a manner which would make it impossible for any other person to access the data.

9. It is the intent of this Protective Order to preserve the anonymity of the Plaintiffs to the greatest extent possible while affording the parties sufficient information to fully and fairly address the issues raised in this action. Any person failing to comply with the terms of this Protective Order may be subject to contempt proceedings and penalties that may include fines and/or incarceration.

10. The Court further instructs that no harassment, threats, intimidation or interference with the Plaintiffs will be tolerated and violators may be subject to contempt proceedings

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Marcus B. Schneider, Esquire**
Email: mschneider@steeleschneider.com

**Amie A. Thompson, Esquire**
Email: AThompson@andrewsandprice.com
**John W. Smart, Esquire**
Email: jsmart@andrewsandprice.com